Leibensperger, Edward P., J.
A commercial landlord, 300 Needham Street, LLC (“Landlord”), sues for failure to pay rent owed under a written lease and for unfair and deceptive conduct in violation of G.L. c. 93A, §11. The Landlord sues the tenant, URC, LLC (“Tenant”), and the guarantor of the lease obligations, Uno Restaurants, LLC (“Guarantor”). These defendants do not move to dismiss. The Landlord also sues George W. Herz, II, the Senior Vice President and Secretary of both the Tenant and the Guarantor. Herz moves to dismiss arguing that the Landlord’s complaint fails to state a claim upon which relief may be granted.
The Landlord’s complaint is stated in four counts. Count I asks for a declaratory judgment that, among other things, the Tenant is in breach of the lease and that it has no right to terminate the lease. Count II alleges breach of the lease. Count III alleges breach of a written guaranty of Tenant’s obligations under the lease. Count IV alleges that all defendants, including Herz, engaged in unfair and deceptive conduct in violation of c. 93A.
Herz’s first argument for dismissal is that he is not a party to the lease and the guaranty. Thus, Counts I, II and III, based upon those contracts, must be dismissed as to him. He is, of course, correct. In fact, it does not appear that the Landlord even alleges a claim against Herz in Counts II and III, and to the extent that Count I seeks a declaration of rights under the contracts, Herz should not be a party. To make this clear, Herz’s motion to dismiss Counts I, II and III as to him will be allowed.
The Landlord’s c. 93A claim against all defendants is based on the following facts, as alleged in the complaint. Of course, in considering a motion to dismiss the complaint, the court must accept as true the allegations of the complaint and draw every reasonable inference in favor of the plaintiff. Curtis v. Herb Chambers 1-95, Inc., 458 Mass. 674, 676 (2011).
In early 2015, approximately two months' after Tenant opened a restaurant on the premises, Tenant told Landlord that it was experiencing financial difficulty and wished to close the restaurant. Nearly ten years remained on the lease. Tenant requested an early termination of the lease. Landlord refused. In March 2015, Tenant closed the restaurant and ceased operations on the premises.
Negotiations between the Landlord and Tenant continued. In August 2015, Tenant threatened to “shut off the spigot” of rent payments “in order to pressure and coerce Landlord into accepting an early termination of the lease on Tenant’s preferred terms.” Complaint ¶24. On December 24, 2015, Herz sent a letter to Landlord stating that because Landlord had rejected Tenant’s proposals, “tenant shall commence withholding rent starting January 1, 2016.” Complaint ¶25. As a result, it is alleged that “Tenant and Guarantor are withholding Rent in a deliberate and wrongful attempt to gain leverage over Landlord, and to thereby coerce Landlord into caving to the demands by Tenant and Guarantor for an early termination of the Lease on the terms sought by Tenant and Guarantor.” Complaint, ¶37. Herz, the individual who signed both the lease and the guaranty and who communicated with Landlord about the possibility of early termination, “is causing Tenant and Guarantor to engage in this deliberate, wrongful and coercive conduct.” Complaint ¶38.
Herz does not contest, nor could he, that under certain circumstances a tenant who refuses to pay rent owed pursuant to a plan to coerce or leverage the landlord into conceding to an alteration of the lease may be held liable under c. 93A. Atkinson v. Rosenthal, 33 Mass.App.Ct. 219, 226 (1992) (where there is “a consistent pattern of the use of a breach of contract as a lever to obtain advantage for the party committing the breach in relation to the other party; i.e., the breach of contract has an extortionate quality that gives it the rancid flavor of unfairness,” a breach of lease may be a c. 93A violation). See also, Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474 (1991) (conduct in disregard of known contractual obligation intended to secure a benefit for the breaching party is a c. 93A violation). At this stage, Landlord adequately pleads facts to sustain a c. 93A claim.
Herz’s argument for dismissal hinges on his assertion that he, personally, was not attempting to gain a benefit for himself and was not engaging in trade or commerce. This argument fails. “It is settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions.” The Community Builders, Inc. v. Indian Motorcycle Assocs., Inc., 44 Mass.App.Ct. 537, 560 (1998). The complaint adequately alleges Herz’s participation in alleged c. 93A violations. Accordingly, Herz’s motion to dismiss Count IV of the Complaint must be denied.
CONCLUSION
The motion to dismiss of George W. Herz II is ALLOWED, in part, and DENIED, in part. Counts I, II and III of the complaint are dismissed as to Herz. The motion to dismiss Count IV is denied.